[Civ. No. 6205. First Appellate District, Division One.—February 4, 1928.]

BERTHA CALLAHAN et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Charles H. Seccombe for Petitioners.

G. C. Faulkner, W. F. Beem, Frank J. Creede and Henry G. Sanford for Respondents.

TYLER, P. J.—Application for writ of *certiorari*. The petition shows that one Thomas Callahan, husband and step-father respectively of the two applicants herein, died from injuries alleged to have been received while employed by respondent E. L. Younger. The employer's insurance carrier was State Compensation Insurance Fund and both employer and employee were subject to the provisions of the Workmen's Compensation Act (Stats. 1913, p. 279). An application was filed with the Industrial Accident Commission for benefits under the Compensation Act and after hearing it was determined, upon conflicting evidence, that the injury complained of occurred in the course of and arose out of the employment of the deceased and an award was made in a total sum of $4,151.40. The employer was relieved from liability. The insurance carrier, State Compensation Insurance Fund, petitioned for a rehearing. The application was granted on February 16, 1927. On November 2, 1927, the Commission changed its prior award for a death benefit to an award denying such benefit. ██ The case upon both hearings was tried upon two issues of fact (1) Whether deceased suffered an injury arising out of and in the course of his employment; (2) Whether his disability and death were proximately caused by such injury. In its decision on rehearing the Commission made no finding of fact as to whether or not the employee suffered an injury arising out of and in the course of his employment. It did find, however, upon the second issue to the effect that the evidence did not establish that the condition of the deceased, or his disability or death were caused by injury arising out of and in the course of his employment. As above stated, there is a decided conflict in the evidence upon the question as to whether the condition of the employee was due to disease or injury. Upon this issue the Commission finally determined that it was due to disease and not to injury, and the award denying compensation followed.

There being a serious conflict in the evidence, we have no power to interfere. The finding is conclusive here.

For the reason stated, the petition is denied.

Knight, J., and Cashin, J., concurred.

An application by petitioners to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 2, 1928.

All the Justices concurred.